IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. |
| SAID RUM, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

The United States of America brings this action to collect outstanding civil penalties assessed against defendant Said Rum for his willful failure to timely report his financial interest in a foreign bank account, as required by 31 U.S.C. § 5314 and its implementing regulations, accrued interest on such penalties, late payment penalties, and associated fees. The United States of America, through its undersigned counsel, complains and alleges as follows:

### Jurisdiction and Venue

1. The United States brings this suit under 31 U.S.C. § 3711(g)(4)(C) at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

2. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345 and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of a civil penalty.

15307966.1

3. Venue is proper in this district under 28 U.S.C. § 1391 because defendant Rum is domiciled in this district and resides in Tampa, Florida.

### Rum's Failure to Timely Report
### His Financial Interest in His Foreign Bank Account

4. Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

5. To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the year at issue in this case, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

6. In September 1998, Rum withdrew $1,100,000 from his account at Chase Bank in the United States and used the funds to open an account at UBS AG in Switzerland ("the UBS account"). Rum moved his domestic funds offshore in order to protect them from the claims of creditors in litigation that was pending at the time.

7. From 1998 to present, Rum has been a sophisticated investor who keeps informed of financial news and publications. Rum actively participated in managing his investments with UBS AG. Rum communicated with UBS advisors on a regular basis and directed

how his account assets were to be invested. Rum personally visited UBS AG in Switzerland on several occasions after opening his account.

8. In 2007, Rum, a United States citizen, had a financial interest in and signatory authority over the UBS account.

9. During 2007, the balance of the UBS account exceeded $10,000.

10. On or before June 30, 2008, Rum was required to file an FBAR reporting his financial interest in the UBS account for 2007.

11. Rum never filed an FBAR reporting his financial interest in the UBS account for 2007.

12. Rum's assets in the UBS account in 2007 generated income from interest and other investments.

13. Rum did not report his income from, or financial interest in, his UBS account on the original federal income tax return he filed for 2007.

14. On Schedule B of Rum's tax return for 2007, Rum falsely represented that he did not have an interest in a foreign financial account. Specifically, Rum marked "no" on Question 7(a) of Schedule B when Rum knew that he should have marked "yes" in answer to the question of whether he had signature authority over a foreign bank account.

15. Rum's failure to report his financial interest in the UBS account was part of a pattern and practice in which Rum marked "no" on Question 7(a) of Schedule B for each of the originally filed returns he field from 1998 through 2009, indicating that he had no foreign account despite that he knew otherwise.

16. On May 25, 2010, UBS AG advised Rum via letter that his UBS account information had been disclosed to the IRS. Thereafter, Rum filed an amended 2007 Form 1040 that

reported interest income from the UBS account in the amount of $786, but did not report the gains his UBS account generated from investments.

17. Rum's failure to timely file an FBAR reporting his financial interest in the UBS account for 2007 was willful.

## Claim for Relief

18. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for willful failure to comply with the reporting requirements of Section 5314 — i.e., when the person maintaining a foreign account fails to timely file an FBAR reporting that account despite having an obligation to do so. For violations involving the willful failure to report the existence of an account, the maximum amount of the penalty that may be assessed is 50% of the balance of the account at the time of the violation or $100,000, whichever is greater. 31 U.S.C. § 5321(a)(5)(C)(i).

19. Due to Rum's willful failure to file FBARs reporting his financial interest in the UBS account during 2007, on April 16, 2015, a delegate of the Secretary of the Treasury of the United States assessed penalties of $693,607 against him under 31 U.S.C. § 5321.

20. The penalty assessment described in paragraph 19, above, did not exceed 50% of the UBS account balance at the time of the violation for 2007.

21. A delegate of the Secretary of the Treasury of the United States gave notice of the penalty assessment for 2007 and made demand for payment.

22. Despite notice and demand for payment, Rum has failed to pay the civil penalty assessed against him Accordingly, Rum is liable to the United States in the amount of $779,636.57 as of April 1, 2017, which is comprised of the FBAR penalty, interest and

penalty for late payment under 31 U.S.C. § 3717(e)(2). Interest and other additional amounts continue to accrue as provided by law.

23. The 2007 FBAR assessment was timely because on March 6, 2014 Rum executed a written consent to extend the limitations period to June 30, 2015.

WHEREFORE, the plaintiff United States of America, prays for the following relief:

a. Enter judgment against Said Rum and in favor of the United States in the amount of $779,636.57, for the penalties assessed against him under 31 U.S.C. § 5321(a)(5), accrued interest on such penalties, late payment penalties, and associated fees, plus further interest and statutory additions thereon as allowed by law from April 1, 2017 to the date of payment.

b. Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

David A. Hubbert
Acting Assistant Attorney General

By: *(signature)*
Mary Apostolakos Hervey
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6484
Facsimile: (202) 514-9868
Mary.Apostolakos.Hervey@usdoj.gov

Of counsel:

William S. Multrow
Acting United States Attorney

15307966.1