IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. Case No. 8:17-cv-826-T26AEP |
| | ) |
| SAID RUM, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' SUPPLEMENTAL AUTHORITY
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

The United States submits this supplemental authority in response to the Court's invitation at oral argument to submit authority regarding the information this Court may review in determining whether the Internal Revenue Service was arbitrary and capricious in setting the amount of the FBAR penalty assessed against the defendant, Said Rum, for his failure to disclose his foreign bank account.

Although this Court determines *de novo* whether Mr. Rum is liable for the FBAR penalty that the IRS has assessed against him, it reviews the amount of the penalty merely to determine whether it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A). (*See* discussion at Doc. 31 at 4, 14-15.) "In applying that standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) ("The focal point for judicial review of an administrative agency's action should be the administrative record.").

1

The administrative record is limited to items considered by the agency before it took the final action in question. *See Preserve Endangered Areas of Cobb's History*, 87 F.3d at 1246-47 n.2 (observing that there is "nothing wrong with an agency compiling and organizing the complete administrative record after litigation has begun from all the files of agency staff involved in the agency action, as long as that *record only contains documents considered by the staff prior to the agency action*") (emphasis added). As a result, the Court may not consider events that occurred after the IRS made its final determination of Mr. Rum's FBAR penalty amount, such as the later settlement of his income-tax-related civil fraud penalty in Tax Court, in evaluating whether the IRS was arbitrary or capricious in setting the amount of the FBAR penalty.

Indeed, that principle of administrative review supports the United States' interpretation of the mitigation factor that Mr. Rum argues should have been applied in his favor. In addition to three other factors noted in the Internal Revenue Manual, a person "*may* be subject to less than the maximum FBAR penalty depending on the amounts in the person's accounts," IRM 4.26.16.4.6.1(1) (July 1, 2008) at ADM003629 (available at Doc. 31-21 at 20) (emphasis added), if the "*IRS* did not determine a fraud penalty against the person for an underpayment of income tax for the year in question due to the failure to report income related to any amount in a foreign account," IRM Exhibit 4.26.16-2 (July 1, 2008) at ADM003636 (available at Doc. 31-21 at 27) (emphasis added). Mr. Rum wrongly argues that that factor should apply to him because, after the IRS determined the amount of his FBAR penalty, he later settled a related income tax liability in Tax Court with no civil fraud penalty. But the plain language of the IRM provision speaks in terms of whether the *IRS* had determined a civil fraud penalty, not whether the Tax

Court later determined (or in this case oversaw the settlement of) a civil fraud penalty.[1]  This plain-language reading of the IRM provision synchronizes with the above principle that the administrative record is limited to administrative activity prior to the decision.  Both support ignoring the later actions of the Tax Court here.

In any event, even if Mr. Rum's argument about the meaning of this mitigation factor were correct, he still would not be *entitled* to a smaller penalty.  As emphasized above, the IRM provision in question uses the permissive "*may*," and does not say that a person *shall* be entitled to a smaller penalty if all the mitigation factors apply.  Further, the IRM provides that a person "*may* be subject to less than the maximum FBAR penalty *depending on the amounts in the person's accounts*" if the mitigation factors are met.  IRM 4.26.16.4.6.1(1) (July 1, 2008) at ADM003629 (available at Doc. 31-21 at 20) (emphasis added).  For a person like Mr. Rum, whose account exceeded $1 million, his violation is classified as Level IV under the IRM and thus presumptively carries the maximum statutory penalty, even if all the mitigation factors applied.  *See* IRM 4.26.16.4.6.3(3)(d) (July 1, 2008) at ADM003631 (available at Doc. 31-21 at 22); IRM Ex. 4.26.16-2 (July 1, 2008) at ADM003637 (available at Doc. 31-21 at 28).  Mr. Rum's arguments notwithstanding, the IRS's decision to impose the statutory maximum FBAR penalty against him (for the one year that the IRS chose to impose any penalty) was

---

[1] Mr. Rum also points to the fact that another portion of the relevant IRM provision describes the same mitigation factor in terms of whether "[t]he *Service* did not *sustain* a civil fraud penalty against the person for an underpayment for the year in question due to the failure to report income related to any amount in a foreign account." IRM 4.26.16.4.6.1(2)(d) (July 1, 2008) at ADM003629 (available at Doc. 31-21 at 20) (emphasis added). But whether "sustain" or "determine" is used, the result is the same: the plain language of the IRM provision still speaks in terms of whether the *Internal Revenue Service* had either sustained or determined a civil fraud penalty, not in terms of anything the Tax Court might later do.

consistent with the IRS's internal guidelines as expressed in the IRM. In any event, and as described in the United States' motion for summary judgment (Doc. 31 at 15), the IRM lacks the force of law and does not convey substantive rights upon taxpayers to challenge any alleged failures of the IRS to follow its guidelines.

This case does not present one of the extremely limited circumstances in which a court might look at material outside the administrative record. The Eleventh Circuit has observed that "[t]he Ninth Circuit has specified that a court may go beyond the administrative record only where: 1) an agency's failure to explain its action effectively frustrates judicial review; 2) it appears that the agency relied on materials not included in the record; 3) technical terms or complex subjects need to be explained; or 4) there is a strong showing of agency bad faith or improper behavior." *Preserve Endangered Areas of Cobb's History*, 87 F.3d at 1246 n.1 (citing *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436-37 (9th Cir. 1988), amended at 867 F.2d 1244 (9th Cir. 1989)). None of those limited situations apply here. In this case, review is properly limited to the administrative record that was before the agency.[2]

Finally, the arbitrary and capricious standard "is exceedingly deferential." *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996). A reviewing court may not overrule the agency's determination simply because the court would have reached a different result. *See id.*

---

[2] As an initial matter, Mr. Rum's challenge at the administrative level was limited to his claim that his failure to report his foreign bank account was not willful. Mr. Rum never challenged the IRS's computation of the amount of the FBAR penalty during the examination or on administrative appeal and, as a result, has waived that argument. But should the Court reach that argument, the United States believes that the portions of the administrative record that have been filed in support of the United States' summary judgment motion provide ample support that the IRS did not act arbitrarily or capriciously in setting the amount of Mr. Rum's FBAR penalty. As offered at oral argument, the United States will file a copy of the entire administrative record, if the Court should wish it.

at 542 (noting that "[a]dministrative decisions should be set aside in this context ... only for substantial procedural or substantive reasons as mandated by statute, ... not simply because the court is unhappy with the result reached.") (alterations in original).

    WHEREFORE, the United States requests that the Court enter summary judgment in its favor.

                              RICHARD E. ZUCKERMAN
                              Principal Deputy Assistant Attorney General

              By:    /s/ Laura M. Conner
                     Mary Apostolakos Hervey
                     Laura M. Conner
                     Trial Attorneys, Tax Division
                     U.S. Department of Justice
                     P.O. Box 14198
                     Ben Franklin Station
                     Washington, D.C. 20044
                     Telephone: (202) 514-6484
                     Facsimile: (202) 514-9868
                     Mary.Apostolakos.Hervey@usdoj.gov
                     Laura.M.Conner@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing United States' Supplemental Authority in Support of Its Motion for Summary Judgment has been filed this 7th day of June, 2019 with the Court via ECF, which will transmit an electronic copy to all counsel of record.

/s/ Laura M. Conner
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198, Ben Franklin Station
Washington, DC 20044