**Taxpayer Name:** Said Kurm   **Examiner:** Kerkado
**TIN:** 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
**Tax Form:**    **Date:** 6/21/12
**Tax Year(s):** 2007

| FBAR Penalties; Post 10/22/04; Non-BSA Examiners Lead Sheet: ||||| 
|---|---|---|---|---|
| **Tax Period** | **Previously Assessed** | **Per Exam** | **Adjustment** | **Reference** |
| 2007 | -0- | *[illegible]* | *[illegible]* | |
| | | | | |

**Conclusion:** *(Reflects the final determination on the issue.)*

See 886-9

*The following techniques are not intended to be all-inclusive nor are they mandatory steps to be followed. Judgment should be used in selecting the techniques that apply to each taxpayer.*

| **Audit Steps:** *(Document audit steps taken or to be taken.)* | **Workpaper Reference** |
|---|---|
| 1. General Info - Foreign Bank & Financial Accounts Report TD-F 90-22.1 ["FBAR"]:<br>  a. FBAR Form TD-F 90-22.1 is due **June 30** following the calendar year in which reporting requirements were met.<br>  b. FBARS are Treasury forms, not regular IRS forms. Form TD-F 90-22.1 can be found in the IRS Forms Repository by entering Catalog # 12996D.<br>  c. FBARS are filed with the Detroit Computing Center ["DCC"], not IRS campuses.<br>  d. Income tax audits - Title 26 examinations; FBAR inquiries - Title 31 examinations.<br>  e. FBAR Code & Regs - 31 USC §§ 5314 & 5321; 31 CFR §§ 103.24 & 103.27 & 103.32 & 103.57 & 103.59.<br>  f. April 2003, Title 31 FBAR enforcement authority was delegated from FinCEN to IRS.<br>  g. Info gathered in a Title 26 audit cannot be used in a Title 31 inquiry **unless** there is a Related Statute determination by the Territory Manager [see Steps # 3 & 4].<br>  h. Penalties for periods after 10/22/2004 are computed differently than under prior law.<br>  i. LCCI FBAR penalty procedures differ from 'normal' procedures – For LCCI procedures, refer to BSA website at http://mysbse.web.irs.gov/exam/tip/FBAR/FBARPRO/FBARLCCI/9376.aspx | |
| 2. Determine if FBAR was required [31 USC §§ 5314; 31 CFR §§ 103.24 & 103.27 & 103.32]:<br>  a. Taxpayer is a "US person". [IRM 4.26.16.3.1]<br>  b. US person had a financial account. [IRM 4.26.16.3.2]<br>  c. Financial account was in a foreign country. [IRM 4.26.16.3.3]<br>  d. US person had financial/signatory/other authority over the foreign financial account. [IRM 4.26.16.3.4 & IRM 4.26.16.3.5]<br>  e. Aggregate foreign account balances, in dollars, exceeded $10,000 at any time in the calendar year. [IRM 4.26.16.3.6] | |

Rev 1/2011                                                  Workpaper #          -1.1

**Taxpayer Name:**  **Examiner:**
**TIN:**
**Tax Form:**  **Date:**
**Tax Year (s):**

| **FBAR Penalties; Post 10/22/04; Non-BSA Examiners Lead Sheet:** | |
|---|---|
| 3. Determine if FBARs were filed, *without directly asking the taxpayer.*<br>   a. Asking the taxpayer if FBARS were filed, **prior** to a Related Statute determination [Step # 4], would cause all info from the Title 26 audit to be unusable in a Title 31 inquiry. [IRM 4.26.17.2 (1) f.]<br>   b. Information Document Request ["IDR"] on Title 26 case can ask for foreign account information, just cannot ask if FBARs were filed, **prior** to a Related Statute determination [Step # 4].<br>   c. Check the Currency & Banking Retrieval System ["**CBRS**"] for FBAR filings. F-10509, available from the IRS Forms Repository can be used to request this information if the examiner does not have CBRS access. The form can be given to a group member with CBRS access, a BSA examiner, or other designated CBRS resource person.<br>      I. Research name(s) of the entity, spouse, officers & employees with interest in, or authority over the foreign accounts.<br>      II. Research the last 6 years. Filing for some years or accounts, but not others, can indicate knowledge or willfulness. | |
| 4. If no record of FBAR filing, consult group manager, then prepare **F-13535**, Related Statute Memo ["RSM"], for the Territory Manager's ["TM"] approval.<br>   a. Separate RSM for each year an FBAR was required.<br>   b. Separate RSM for each entity required to file FBAR; i.e., one foreign account may cause multiple filing requirements for a single year:<br>      I. Separate RSM for each spouse required to file FBAR, even if they filed MFJ.<br>      II. Separate RSM for each entity & each officer/agent of the entity with signature or other authority over the account.<br>   c. Group manager initials concurrence, then sends RSM to the TM. [IRM 4.26.17.2.1]<br>   d. See Step # 9 for starting an FBAR case when there is no Title 26 case or RSM. | |
| 5. If the TM does **not** approve an FBAR inquiry, place a copy of RSM F-13535 in the Title 26 case file. This terminates the examiner's FBAR responsibilities. [IRM 4.26.17.2.2 (1)] | |
| 6. If TM approves, fax the signed RSM F-13535 to DCC at Fax # **313-234-2278**. Print out and retain a **Fax Transmission Report** from your fax machine, to verify the date DCC was notified of the commencement of the FBAR case. [IRM 4.26.17.2.2 (2)] | |
| 7. Set up a separate FBAR case file – at the outset, include:<br>   a. F-4318.<br>   b. Activity Record – time on the FBAR case is charged to **Activity Code 545**.<br>   c. Original RSM F-13535 & Fax Transmission Report.<br>   d. FBAR Lead Sheet.<br>   e. Copies of CBRS research.<br>   f. Copies of relevant records from the Title 26 case.<br>[See Step # 29 for contents of a closed FBAR case file.] | |

Rev 1/2011       Workpaper #       -1.2

**Taxpayer Name:**                          **Examiner:**
**TIN:**
**Tax Form:**                                **Date:**
**Tax Year (s):**

| **FBAR Penalties; Post 10/22/04; Non-BSA Examiners Lead Sheet:** | |
|---|---|
| 8. Complete **F-13536** FBAR Monitoring Document ["FMD"] to the extent possible [available at IRS Forms Repository]. Fax the FMD to DCC at FAX # **313-234-2278**. Fax updates of FMD F-13536 to DCC as needed. The original FMD F-13536 stays in the FBAR case file until closing. [IRM 4.26.17.2.2 (4)] | |
| 9. To start a FBAR case when there is no RSM: Refer to IRM 4.26.17.2.3 (5). | |
| 10. Notify taxpayer that an FBAR case has commenced. Notice can be either:<br>   a. Verbal - during work on the Title 26 case. Document FBAR activity record; or<br>   b. Letter – issue L-4265, available from IRS Forms Repository. | |
| 11. Power of Attorney ["POA"] for FBAR representation:<br>   a. **F-2848**, POA may be used **if** the TM approves the RSM F-13535 when there is a Title 26 case. [IRM 4.26.17.5.2.1]<br>   b. F-2848, Line 3, column 1 should state "Matters relating to Foreign Bank & Financial Accounts Report"; Line 3 column 2 should state "1040 – FBAR Examination". For Form 2848 go to: [http://core.publish.no.irs.gov/forms/public/pdf/11980f08.pdf]<br>   c. If no related income tax issues or RSM, Form 2848 cannot be used – taxpayers may use a "**general POA**" executed under applicable state law – see IRM 4.26.8.2.<br>   d. Update the FMD F-13536 with the POA info & fax to DCC at FAX # 313-234-2278.<br>   e. The original F-2848 or "general POA" stays in the FBAR case file. | |
| 12. Work the FBAR case:<br>   a. Work papers created for FBAR issues go in the FBAR file, not the Title 26 file.<br>   b. For each year, and each entity/spouse, establish that the FBAR filing criteria were met as listed in Step # 2. [Also see instructions listed at end of FBAR TD F 90-22.1, and the BSA website discussion of "FBAR Authority & Issues" at: http://mysbse.web.irs.gov/exam/tip/FBAR/default.aspx]<br>   c. Documenting ownership and type of authority over foreign accounts is critical to establish FBAR filing requirements. Documenting account transactions, aggregate and maximum balances, is critical in determining penalty amounts and mitigation. [Cross-reference Step # 21].<br>   d. Willfulness – see IRM 4.26.16.4.5.4 for evidence needed. | |
| 13. Information Document Request ["IDR"]:<br>   a. Account balances on the date the examiner requests the taxpayer to produce FBAR records ["IDR date"] may be necessary to compute the FBAR statutory penalty ceiling for recordkeeping violations, per IRM 4.26.16.4.5.5 (5). [Cross-reference Step # 21].<br>   b. To document the date the taxpayer received the IDR, [which fixes the date on which account balances are used to compute recordkeeping violation statutory penalty maximums], it is suggested that the IDR for FBAR records be issued either:<br>      I. By certified mail, return receipt requested, or,<br>      II. In person, by having the taxpayer initial & date the IDR to confirm receipt.<br>   c. Document the activity record as to the date taxpayer received the IDR. | |

Rev 1/2011                                                               Workpaper #        -1.3

**Taxpayer Name:**   **Examiner:**
**TIN:**
**Tax Form:**   **Date:**
**Tax Year (s):**

| **FBAR Penalties; Post 10/22/04; Non-BSA Examiners Lead Sheet:** | |
|---|---|
| 14. Summons: <br> a. Title 26 summons on **F-2039** may be used if the TM approves the RSM F-13535 & the info can be used in the Title 26 matter. [IRM 4.26.17.3.1 (2) (c)] <br> b. If no approved RSM, or info will not be used in a Title 26 matter, **BSA Title 31 summons** must be used – refer to IRM 4.26.17.5.3 & IRM 4.26.8.3. | |
| 15. Statutes [31 U.S.C. § 5321(b)(1); IRM 4.26.17.5.5]: <br> a. Title 26 ASED extension will **not** extend the Title 31 FBAR penalty statute. <br> b. FBAR **civil** penalty statute - 6 years from "transaction date". <br> c. Filing violations – "transaction date" is FBAR due date [6/30 of following year]. <br> d. Recordkeeping violations – "transaction date" is date examiner first requests the records required by 31 CFR 103.32 [required record retention generally 5 years]. <br> e. FBAR civil penalty assessment date – date the **Operations Officer, Cincinnati Compliance Services, CTR Operations** [or delegate] stamps the assessment certification F-13448. Examiners must close FBAR civil penalty cases with sufficient time on the statute to allow processing of the assessment certification F-13448. <br> f. Document FBAR penalty statute in the Administrative section of FBAR case. <br> g. Extension/waiver of the FBAR civil penalty statute – consult BSA FBAR Analyst listed at http://mysbse.web.irs.gov/exam/tip/FBAR/default.aspx. <br> h. FBAR **criminal** penalty statute – 5 years from the date the offense was committed. | |
| 16. Delinquent FBARs secured by Examination [IRM 4.26.17.4.8]: <br> a. Solicit delinquent or amended FBARs, unless criminal referral is contemplated. <br> b. **Date stamp** secured delinquent/amended FBAR <br> c. On top of FBAR in **RED**, write "Secured by Examination". <br> d. Make copy for case file. Mail original to: **IRS, CTR Operations, Edit & Error Resolution Mailroom, PO Box 32621, Detroit MI 48232.** <br> e. DCC posts delinquent FBARs with a Saturday Julian date, to distinguish them as having been secured by examiners. | |
| 17. Bankruptcy Procedures – See IRM 4.26.17.5.6 | |
| 18. FBAR Penalty Computation in General [IRM 4.26.16.4]: <br> a. Penalties can be for violation of filing requirements [31 CFR 103.24] or recordkeeping requirements [31 CFR 103.32]. **Both** filing and recordkeeping penalties can apply to the same **account** for the same **year**. <br> b. After 10/22/04 – four civil penalties – Non-willful; Willful; Negligence; & Pattern of negligence. <br> c. Civil penalties – statutory maximum amounts, but no floor. Penalty amount is at examiner's discretion, which is the reason for penalty mitigation guidelines. <br> d. May have multiple penalties for each foreign account, e.g., there could be both a reporting & a recordkeeping violation for a single account in which 2 persons have an interest. There would be 2 FBAR penalties against each person, for a total of 4 penalties arising from the single account. <br> e. Can impose both civil & criminal penalties for same FBAR violation [31 USC § 5321(d)]. | |

Rev 1/2011   Workpaper #   -1.4

**Taxpayer Name:**  **Examiner:**
**TIN:**
**Tax Form:**  **Date:**
**Tax Year (s):**

### FBAR Penalties; Post 10/22/04; Non-BSA Examiners Lead Sheet:

19. Penalty Amounts, Post 10/22/2004, if no mitigation [IRM 4.26.16.4.3 & IRM 4.26.16.4.4]:
    a. Non-willful violations – 31 USC § 5321(a)(5)(A) & (B) – applies to individuals & business entities; maximum $10,000; reasonable cause exception if the foreign transaction or account balance was properly reported on a delinquent or amended FBAR; mitigation guidelines available.
    b. Willful violations – 31 USC § 5321(a)(5)(A) & (C) – applies to individuals & business entities; maximum is greater of $100,000 or 50% of the transaction amount or account balance; no reasonable cause exception; mitigation guidelines available.
    c. Negligence – 31 USC § 5321(a)(6)(A) – applies only to business entities; maximum $500 per each violation; no reasonable cause exception; no mitigation.
    d. Pattern of Negligence – 31 USC § 5321(a)(6)(B) – applies only to business entities; maximum $50,000 per entity; no reasonable cause exception; no mitigation.
    e. **Warning**: The FBAR regulations, 31 CFR 103.57, have **not** yet been revised to reflect changes in:
        I. Negligence penalty, 31 USC 5321(a)(6)(A): applicability extended to all businesses [not just financial institutions], effective 10/27/2001.
        II. Willfulness penalty, 31 USC 5321(a)(5)(C): ceiling increased effective 10/23/2004.

20. Mitigation Guidelines, "Normal" [non-LCCI] FBAR Penalties [IRM 4.26.16.4.6]:
    a. Mitigation computations use maximum account balances during the calendar year, & the guidelines are found only in the IRM, not in the Title 31 Code or Regulations.
    b. Mitigation is not available for FBAR Negligence or Pattern of Negligence penalties [IRM 4.26.16.4.3.4 (2) & 4.26.16.4.3.6 (2)].
    c. Threshold Conditions – 4 conditions – IRM 4.26.16.4.6.1
    d. Non-willful – 3 penalty levels – IRM 4.26.16.4.6.2 & IRM Exhibit 4.26.16-2
    e. Willful – 4 penalty levels – IRM 4.26.16.4.6.3 & IRM Exhibit 4.26.16-2
    f. LCCI Mitigation guidelines – Differ from "normal" mitigation guidelines, and are found in IRM 4.26.16.4.6.4 & IRM Exhibit 4.26.16-3

    *[Handwritten note:]* CFP have been proposed. If the penalty is assessed for year 2007 or 2008, the FOURTH mitigation threshold-condition is FAILED and mitigation penalty computation is not applicable.

21. Penalty Computations --
    a. Different reference amounts are used to compute the **statutory** penalty ceiling under the Title 31 Code & Regulations, and **mitigated** penalty maximums under the IRM.
        I. Statutory penalty ceilings – based on account balances on the "**violation date**", per Title 31 Code & Regs.
        II. Mitigated penalty maximums – based on highest account balance during the **calendar year**, per IRM.
    b. Filing violations – FBAR **due date** is the violation date. Balance in account at the close of the following June 30 [due date] is the statutory penalty ceiling calculation amount. [IRM 4.26.16.4.5.5(4)]
    c. Recordkeeping violations - date examiner requests records [**IDR date**] is the violation date. Balance in account at the close of the day records are requested [IDR date] is the statutory penalty ceiling calculation amount. [IRM 4.26.16.4.5.5(5)]
    d. For mitigation levels & mitigated penalty amounts, need maximum aggregate balances and maximum separate balances in each account **during the calendar year,** as

Rev 1/2011   Workpaper #   -1.5

**Taxpayer Name:**　　　　　　　　　　　　　　　　**Examiner:**
**TIN:**
**Tax Form:**　　　　　　　　　　　　　　　　　　　**Date:**
**Tax Year (s):**

| **FBAR Penalties; Post 10/22/04; Non-BSA Examiners Lead Sheet:** | |
|---|---|
| opposed to the 'due date' or 'IDR date' balances used to determine statutory penalty ceilings. [IRM Exhibit 4.26.16-2]. | |
| 22. CI Referral & FBAR Criminal Penalties – See IRM 4.26.17.5.4 | N/A |
| 23. Closing - No violation [IRM 4.26.17.4.1]:<br>　a. Summary Memorandum – show years opened, filing requirement, or lack thereof, for each year, computation of aggregate balances & work paper references [IRM 4.26.17.4].<br>　b. Update FMD F-13536 for each year & close to Group Manager.<br>　c. Group Manager updates activity record & the FMD F-13536 for closing information & forwards the FBAR file on a F-3210 to **IRS, PO Box 33113, Detroit, MI 48232-0113** | N/A |
| 24. Closing - Warning only [IRM 4.26.17.4.2]:<br>　a. Violations may not warrant penalties, after discussion with group manager.<br>　b. Summary Memorandum – show years opened, filing requirements, aggregate balances, penalty determination for each year, reason(s) for non-assertion & work paper references [IRM 4.26.17.4].<br>　c. Issue L-3800 - Original & copy to taxpayer; keep a copy for the case file. L-3800 is not used in LCCI cases where FBAR penalties are forgiven.<br>　d. Delinquent/corrected FBARs – Taxpayer sends to examiner, with a copy of L-3800.<br>　e. Examiner processes delinquent FBARs as per IRM 4.26.17.4.8.<br>　f. Update FMD F-13536 for each year & close to Group Manager<br>　g. Group Manager updates activity record & the FMD F-13536 for closing information & forwards the FBAR file on a F-3210 to **IRS, PO Box 33113, Detroit, MI 48232-0113**. | N/A |
| 25. Closing – Penalties Asserted – General Procedures [IRM 4.26.17.4.3]:<br>　a. Summary Memorandum – show years opened, filing requirements, aggregate balances, penalty determination for each year, reason(s) for assertion/non-assertion; reasonable cause, mitigation & work paper references [IRM 4.26.17.4]<br>　b. Counsel Review – Before proposing FBAR penalties to taxpayers, Counsel review is mandatory. Counsel should render advice within 45 days. Counsel review is not required for LCCI cases, warning letter cases, or no violation cases.<br>　　I. SB/SE examiners submit FBAR case file to SB/SE Counsel Area FBAR Coordinator listed at http://counsel.web.irs.gov/sbse/admin/<br>　　II. LMSB examiners submit FBAR case to Counsel if penalties exceed $10,000. http://lmsb.irs.gov/hq/pqa/downloads_FBAR/_print/LMSB_Division_Co unsel_FBAR_Coordinators.doc<br>　c. After Counsel concurrence:<br>　　I. Issue L-3709, FBAR 30-day letter [2 copies to taxpayer].<br>　　II. Issue F-13449, FBAR Agreement to Assessment [FBAR RAR; 2 copies]<br>　　III. Include Notice 1330, Making FBAR Penalty Payment by Check<br>　d. Payment issues [IRM 4.26.17.4.3 (6)(c) – (e) and IRM 4.26.17.4.5 (1)]:<br>　　I. Checks - credited electronically, so cancelled checks not returned to the payer. If receipt requested – recommend payment by money order or cashiers check. Form 809 tax receipts are not issued. | |

**Rev 1/2011**　　　　　　　　　　　　　　　　　　　　　　　　**Workpaper #**　　　　-1.6

**Taxpayer Name:**  **Examiner:**
**TIN:**
**Tax Form:**  **Date:**
**Tax Year (s):**

| **FBAR Penalties; Post 10/22/04; Non-BSA Examiners Lead Sheet:** | |
|---|---|
| II. Separate check/money order for FBAR penalties, made out to United States Treasury, with taxpayer's TIN & year(s) penalties were applied. | |
| III. Interest – no pre-assessment interest; does not accrue if penalty paid within 30 days after the penalty assessment is mailed. | |
| IV. Copy the check/money order for the case file. Examiner sends the payment, copy F-13449, and F-3210 to FBAR Payment address: **IRS, PO Box 33115, Detroit, MI 48232-0115** [different address than where case files are sent]. | |
| V. Do **NOT** use F-3244 for FBAR payments. See IRM 4.26.17.4.5 (1)(e) for the consequences. | |
| 26. Closing - Penalties Recommended – Agreed [IRM 4.26.17.4.4]:<br>a. Signed & dated F-13449 received from taxpayer.<br>b. Delinquent/corrected FBARs – received from Taxpayer.<br>c. Examiner processes FBARs as per IRM 4.26.17.4.8.<br>d. Payment processed as per Step # 25 [IRM 4.26.17.4.3 (6)(c) – (e) and IRM 4.26.17.4.5 (1)].<br>e. Update FMD F-13536 & Summary Memorandum to indicate agreement/payment.<br>f. Close to Group Manager.<br>g. Group Manager updates the activity record & FMD F-13536 with closure info & forwards the FBAR case file on a F-3210 to **IRS, PO Box 33113, Detroit, MI 48232-0113** [different address than where payments are sent]. | |
| 27. Closing - Penalties Recommended – Unagreed - Regular [IRM 4.26.17.4.6]:<br>a. Wait 45 days after issuance of L-3709 & F-13449 for taxpayer to request an appeal.<br>b. Ensure all documents needed from a Title 26 case are copied for the FBAR file.<br>c. Update the FMD F-13536 & Summary Memorandum to indicate no appeal & close case to Group Manager.<br>d. Group Manager updates activity record & the FMD F-13536 for closing information & forwards the FBAR file on a F-3210 to **IRS, PO Box 33113, Detroit, MI 48232-0113**. | |
| 28. Closing - Penalties Recommended – Unagreed - Appealed [IRM 4.26.17.4.7]:<br>a. Wait 45 days after issuance of L-3709 & F-13449 for taxpayer to request an appeal.<br>b. An appeal requires 2 copies of a written protest to examiner, postmarked prior to the L-3709 response date, containing all information listed in L-3709, and with 180 days remaining on the FBAR statute.<br>c. Ensure all documents needed from a Title 26 case are copied for the FBAR file.<br>d. Transmittal Letter L-4665 – Note "**FBAR category case; UIL 999.99-01; Appeals Coordinated Issue [ACI] Program**", and "**Appeals Officer must contact Appeals FBAR Coordinator prior to scheduling initial conference at 818-242-8143 x3014**".<br>e. Update the FMD F-13536 & Summary Memorandum to indicate an appeal & close case to Group Manager.<br>f. Group Manager completes FMD F-13536 and forwards it to DCC at **IRS, PO Box 33113, Detroit, MI 48232-0113**. Group Manager documents the activity record, and closes the case file to Appeals per regular closing procedures. | |

Rev 1/2011  **Workpaper #**  -1.7

ADM000320

**Taxpayer Name:**  **Examiner:**
**TIN:**
**Tax Form:** **Date:**
**Tax Year (s):**

| **FBAR Penalties; Post 10/22/04; Non-BSA Examiners Lead Sheet:** | |
|---|---|
| 29. Closing – possible contents of FBAR case file:<br>  a.  Copies of secured delinquent FBARs<br>  b.  Closing documents could include:<br>      I.  L-3800 copy – Warning Letter<br>      II.  L-3709 copy – FBAR 30-day Letter<br>      III.  F- 13449 original – Agreement to Penalties [should be accompanied by an extra copy of any POA form, per IRM 4.26.17.3.1(2)(a)]<br>      IV.  Notice 1330 copy – Making FBAR Penalty Payment by Check<br>  c.  Power of Attorney [General or F-2848] - original<br>  d.  FMD F-13536 [w/ Fax Transmission Report & memo to DCC, if there was no RSM]<br>  e.  Summary memorandum explaining the FBAR violations.<br>  f.  Copy of any payments of FBAR penalties made by the Taxpayer.<br>  g.  F-4318.<br>  h.  Activity Record – time on the FBAR case is charged to **Activity Code 545**.<br>  i.  Original RSM F-13535 & Fax Transmission Report.<br>  j.  FBAR Lead Sheet.<br>  k.  FBAR penalty computations.<br>  l.  Copies of CBRS research.<br>  m.  Copies of relevant records from the Title 26 case, or records secured via FBAR IDR.<br>  n.  Correspondence – could include copies of L-4265; L-3899; L-3709; Notice 1330<br>  o.  Information Document Requests – with certified mail receipt attached, if applicable | |
| **Facts:** (Document the relevant facts.) | |

Rev 1/2011  Workpaper #  -1.8

| Taxpayer Name: | Examiner: |
|---|---|
| TIN: | |
| Tax Form: | Date: |
| Tax Year (s): | |

## FBAR Penalties; Post 10/22/04; Non-BSA Examiners Lead Sheet:

**Law:** *(Tax Law, Regulations, court cases, and other authorities. If Unagreed, include Argument.)*

31 U.S.C. §§ 5314; 5321(a)(5)(A) & (B); 5321(a)(5)(C) & (D); 5321(a)(6); 5321(b)(1)

Specific citations:

**31 U.S.C. § 5314 (a)** – Requires that certain U.S. entities must file FBARs, as follows:

… *the Secretary of the Treasury shall require a resident or citizen of the United States or a person in, and doing business in the United States, to keep records and file reports, when the resident, citizen, or person makes a transaction or maintains a relation for any person with a foreign financial agency. The records and reports shall contain the following information in the way and to the extent the Secretary prescribes:*

    *(1) the identity and address of participants in a transaction or relationship*

    *(2) the legal capacity in which a participant is acting*

    *(3) the identity of real parties in interest.*

    *(4) a description of the transaction.*

**31 U.S.C. § 5321(a)(5)(A) & (B)** – Provide for a non-willful penalty for FBAR violations as follows:

    *(5) Foreign financial agency transaction violation. -*

        *(A) Penalty authorized. - The Secretary of the Treasury may impose a civil money penalty on any person who violates, or causes any violation of, any provision of section 5314.*

        *(B) Amount of penalty. -*

            *(i) In general. - Except as provided in subparagraph (C), the amount of any civil penalty imposed under subparagraph (A) shall not exceed $10,000.*

            *(ii) Reasonable cause exception. - No penalty shall be imposed under subparagraph (A) with respect to any violation if -*

                *(I) such violation was due to reasonable cause, and*

                *(II) the amount of the transaction or the balance in the account at the time of the transaction was properly reported.*

**31 U.S.C. § 5321(a)(5)(C) & (D)** - Provide for a willfulness penalty for FBAR violations as follows:

    *(C) Willful violations. - In the case of any person willfully violating, or willfully causing any violation of, any provision of section 5314 -*

        *(i) the maximum penalty under subparagraph (B)(i) shall be increased to the greater of -*

            *(I) $100,000, or*

            *(II) 50 percent of the amount determined under subparagraph (D), and*

        *(ii) subparagraph (B)(ii) shall not apply.*

    *(D) Amount. - The amount determined under this subparagraph is -*

        *(i) in the case of a violation involving a transaction, the amount of the transaction, or*

        *(ii) in the case of a violation involving a failure to report the existence of an account or any identifying information required to be provided with respect to an account, the balance in the account at the time of the violation.*

Rev 1/2011          Workpaper #    -1.9

| | |
|---|---|
| **Taxpayer Name:** | **Examiner:** |
| **TIN:** | |
| **Tax Form:** | **Date:** |
| **Tax Year (s):** | |

## FBAR Penalties; Post 10/22/04; Non-BSA Examiners Lead Sheet:

***31 U.S.C. § 5321(a)(6)(A)*** - Provides a negligence penalty for foreign financial agency transaction violations as follows:

*(6) Negligence. -*

*(A) In general. - The Secretary of the Treasury may impose a civil money penalty of not more than $500 on any financial institution or nonfinancial trade or business which negligently violates any provision of this subchapter or any regulation prescribed under this subchapter.*

***31 U.S.C. § 5321(a)(6)(B)*** - Provides a negligence penalty for a pattern of foreign financial agency transaction violations as follows:

*(B) Pattern of negligent activity. - If any financial institution or nonfinancial trade or business engages in a pattern of negligent violations of any provision of this subchapter or any regulation prescribed under this subchapter, the Secretary of the Treasury may, in addition to any penalty imposed under subparagraph (A) with respect to any such violation, impose a civil money penalty of not more than $50,000 on the financial institution or nonfinancial trade or business.*

***31 U.S.C. § 5321(b)(1)*** – prescribes the statute of limitation for civil FBAR penalties, as follows:

*(b) Time Limitations for Assessments and Commencement of Civil Actions. -*

*(1) Assessments. - The Secretary of the Treasury may assess a civil penalty under subsection (a) at any time before the end of the 6-year period beginning on the date of the transaction with respect to which the penalty is assessed.*

***31 C.F.R. § 103.24*** – Requires FBAR filing and recordkeeping, as follows:

*(a) Each person subject to the jurisdiction of the United States (except a foreign subsidiary of a U.S. person) having a financial interest in, or signature or other authority over, a bank, securities or other financial account in a foreign country shall report such relationship to the Commissioner of the Internal Revenue for each year in which such relationship exists, and shall provide such information as shall be specified in a reporting form prescribed by the Secretary to be filed by such persons. Persons having a financial interest in 25 or more foreign financial accounts need only note that fact on the form. Such persons will be required to provide detailed information concerning each account when so requested by the Secretary or his delegate.*

***31 C.F.R. § 103.27*** – Provides FBAR filing rules, as follows:

*(c) Reports required to be filed by Sec. 103.24 shall be filed with the Commissioner of Internal Revenue on or before June 30 of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year.*

*(d) Reports required by Sec. 103.22, Sec. 103.23 or Sec. 103.24 shall be filed on forms prescribed by the Secretary. All information called for in such forms shall be furnished.*

*(e) Forms to be used in making the reports required by Sec. 103.22 and 103.24 may be obtained from the Internal Revenue Service.*

***31 C.F.R. § 103.32*** – Provides FBAR recordkeeping rules, as follows:

*Records of accounts required by Sec. 103.24 to be reported to the Commissioner of Internal Revenue shall be*

| | | |
|---|---|---|
| | **Workpaper #** | **-1.10** |
| **Rev 1/2011** | | |

| | |
|---|---|
| **Taxpayer Name:** | **Examiner:** |
| **TIN:** | |
| **Tax Form:** | **Date:** |
| **Tax Year (s):** | |

### FBAR Penalties; Post 10/22/04; Non-BSA Examiners Lead Sheet:

*retained by each person having a financial interest in or signature or other authority over any such account. Such records shall contain the name in which each such account is maintained, the number or other designation of such account, the name and address of the foreign bank or other person with whom such account is maintained, the type of such account, and the maximum value of each such account during the reporting period. Such records shall be retained for a period of 5 years and shall be kept at all times available for inspection as authorized by law. In the computation of the period of 5 years, there shall be disregarded any period beginning with a date on which the taxpayer is indicted or information instituted on account of the filing of a false or fraudulent Federal income tax return or failing to file.*

**31 C.F.R. § 103.57(g) & (h)** – Provides FBAR civil penalty rules. This regulation had not yet been updated to reflect the new provisions of the non-willful & willful penalties under 31 U.S.C. § 5321(a)(5)(B) through (D). The prior rules are as follows:

*(g) For any willful violation committed after October 27, 1986, of any requirement of Sec. 103.24, Sec. 103.25, or Sec. 103.32, the Secretary may assess upon any person, a civil penalty:*

  *(1) [Not applicable to FBAR]*

  *(2) In the case of a violation of Sec. 103.24 or Sec. 103.32 involving a failure to report the existence of an account or any identifying information required to be provided with respect to such account, a civil penalty not to exceed the greater of the amount (not to exceed $100,000) equal to the balance in the account at the time of the violation, or $25,000.*

*(h) For each negligent violation of any requirement of this part, committed after October 27, 1986, the Secretary may assess upon any financial institution a civil penalty not to exceed $500.*

**Taxpayer Position:** *(If applicable)*

Rev 1/2011         Workpaper #         -1.11