**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                        **Case No: 8:17-cv-826-T-35AEP**

**SAID RUM,**

    **Defendant.**

_____

## **ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendant Said Rum's Motion for Summary Judgment, (Dkt. 30); the Response in opposition thereto filed by the United States, (Dkt. 55); the United States' Motion for Summary Judgment, (Dkt. 31); and, the Response in opposition thereto filed by Defendant. (Dkt. 58)

On August 2, 2019, United States Magistrate Judge Anthony E. Porcelli issued a Report and Recommendation ("R&R"), recommending that the United States' Motion for Summary Judgment, (Dkt. 31) be **GRANTED**, and Defendant's Motion for Summary Judgment, (Dkt. 30), be **DENIED**. (Dkt. 71) On August 16, 2019, Defendant timely filed his Objections to the Magistrate Judge's R&R, (Dkt. 72), and on September 13, 2019, a Response in opposition thereto was filed by the United States. (Dkt. 75)

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Defendant Rum lodged several objections to the R&R. Specifically he contends:

> The Magistrate Erred When He Found That as a Factual Matter, Rum Did Not Qualify for Mitigation.
>
> The Magistrate wrongly misconstrued that 31 U.S.C. § 5321 superseded or invalidated 31 C.F.R. § 1010.820(g)(2). Therefore, the Magistrate erroneously held that the IRS properly applied 31 U.S.C. § 5321 when assessing the willful penalty against Rum for 50% of the balance of his account.
>
> The Magistrate Misstated an Important Question of Law That Was Proposed by Rum's Pleadings. Rum Thus Argues that the Magistrate Erroneously Applied the Arbitrary and Capricious Standard of Review as to the Amount of His FBAR Penalty Instead of the *De Novo* Standard of Review.
>
> The Magistrate Erred by Stating That There Was No Issue of Fact Regarding Willfulness. Namely, the Magistrate Does Not Point to Any Direct Evidence Showing That Rum Knew He Had to File the FBAR Report; Therefore, there is Still A Major Question of Fact, Which Shouldn't Be Decided by the Magistrate.
>
> The Magistrate Erroneously Concluded That the IRS Did Not Act Arbitrarily and Capriciously When Assessing the Maximum Statutory Penalty.
>
> The Magistrate Wrongly Considered the Question of What Evidence This Court May Consider in Reviewing Rum's Administrative Procedure Act Claim.

> The Magistrate erroneously ignored the Supreme Court's recent decision in [Dep't of Commerce v. New York, 139 S. Ct. 2551 (2019)] by confining this Court to the administrative record.
>
> The Magistrate Erred by Concluding That Rum Received Proper Notice.
>
> The Magistrate Did Not Apply the Correct Standard of Review for A Motion for Summary Judgment.

(Dkt. 72)

Having reviewed the R&R, the full record, the Objections, and the Response to the Objections, the Court finds that the R&R should be **ADOPTED** in all respects. The Magistrate Judge correctly: (A) found that the amount of the penalty was not limited by a superseded regulation (Objection II); (B) applied the correct standard of review (Objection III); (C) limited his review to the existing administrative record (Objections I, V, VI and VII); (D) found that the IRS gave sufficient notice and a reasoned explanation for its decision (Objection VIII); and (E) did not make inappropriate findings as to the Agency's willfulness or Mr. Rum's credibility (Objections IV and IX). Just for clarity, the Court responds specifically to a few of the challenges.

First, with regard to Rum's Objection that the "Magistrate wrongly misconstrued that 31 U.S.C. § 5321 superseded or invalidated 31 C.F.R. § 1010.820(g)(2)," (Dkt. 72 at 3), Rum's challenge fails. In short, the Court concurs with the Magistrate Judge's ruling that the Agency is without authority to modify the maximum penalty allowable under the statute. While it may, in its discretion, impose a lower penalty, the Agency cannot implement Rules that alter the statutory maximum. Thus, any penalty that is otherwise justifiable on the record which does not exceed the statutory maximum cannot be found to be in violation of the statute. As the Defendant properly notes, the Magistrate Judge's finding in this regard is

> in line with the vast majority of the courts that have considered the issue and the better reasoned decisions. *See United States v. Schoenfeld*, No. 3:16-CV-1248-J-34PDB, 2019 WL 2603341, at *4 (M.D. Fla. June 25, 2019); *United States v. Garrity*, No. 3:15-CV-243(MPS), 2019 WL 1004584, at *2 (D. Conn. Feb. 28, 2019); *Norman v. United States*, 138 Fed. Cl. 189, 196 (2018); *Kimble v. United States*, 141 Fed. Cl. 373, 388 (2018); *United States v. Horowitz*, 361 F. Supp. 3d 511, 515–16 (D. Md. 2019); *United States v. Park*, 389 F. Supp. 3d 561, 571-74 (N.D. Ill. 2019). Indeed, 'every court to have considered this issue since *Wahdan* and *Colliot* [the cases cited by Mr. Rum] has concluded that the statute and the regulation conflict, the statute controls, and, as such, the IRS is not bound by the limit in the regulation.' *Schoenfeld*, 2019 WL 2603341, at *4.

(Dkt. 75 at 6)

Additionally, in Objection IV and Objection IX, Mr. Rum incorrectly argues that the Magistrate Judge applied the incorrect legal standard in affirming the Agency's finding of willfulness. (Dkt. 72 at 7–10, 13–17) Rum's contention that willfulness in the civil context requires "proof of a disregard of known legal duty," (Dkt. 72 at 7), or that the Agency had to demonstrate that he subjectively knew of the FBAR reporting requirement, (Dkt. 72 at 20), is incorrect. His reliance on <u>Ratzlaf v. United States</u>, 510 U.S. 135 (1994), for those assertions is misplaced. <u>Ratzlaf</u> involved an alleged violation of a *criminal* statute: the monetary penalty at issue in Mr. Rum's case is a civil penalty. Under the appropriate civil standard, the United States need not show that Mr. Rum subjectively knew or was criminally culpable when he failed to meet the filing requirements. A showing of reckless disregard of his statutory duty is sufficient, and this is an objective standard that evaluates whether an action entails "an unjustifiably high risk of harm that is either known or so obvious that it should be known." <u>Bedrosian v. United States</u>, No. 2:15-cv-5853, 2017 WL 4946433 at *4 (E.D. Pa. 2017) (quoting <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 57 (2007)). The Magistrate Jude correctly found that the record sufficiently supported the Agency's finding in this regard.

For this reason, too, Mr. Rum's challenge to the Magistrate Judge's decision on the basis that the Judge "Did Not Apply the Correct Standard of Review for A Motion for Summary Judgment" also fails. (Dkt. 72 at 19) Mr. Rum seems to suggest that the Magistrate Judge improperly engaged in fact-finding at the summary judgement stage of the case. (Dkt. 72 at 20) This assertion is plainly wrong. The Magistrate Judge was not making a *de novo* determination that Mr. Rum's testimony was not credible or deciding whether Mr. Rum acted willfully. Rather, the Magistrate Judge reviewed the administrative record, as he was constrained to do,[1] to determine whether the record supported the Agency's decision that Mr. Rum acted willfully. His evaluation of that record was sound, and his conclusion was correct.[2]

In sum, the Court adopts the Magistrate Judge recommendation that the Court affirm the Agency's decision that Mr. Rum willfully failed to report his foreign account and that the IRS did not abuse its discretion in assessing the maximum penalty for a willful violation of the FBAR reporting requirement. Upon consideration of the Magistrate Judge's thorough and well-reasoned Report and Recommendation, and in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

---

[1] This disposes of Objection VII in which Rum suggests the Magistrate Judge committed error in declining to go outside the administrative record to consider his challenges to the Agency's decision. (Dkt. 72 at 17–18) The Magistrate Judge correctly observed that "a court shall only review the record before it to ensure that the agency engaged in reasoned decision-making." (Dkt. 71 at 20). The Supreme Court's decision in Dep't of Commerce v. New York, 139 S. Ct. 2551 (2019), does not alter that longstanding precedent except in very limited circumstances not present on this record.

[2] The remaining objections, not specifically addressed herein, are either bound up in the matters here discussed, or are just a rehash of arguments made in the summary judgment motion, which were thoroughly and correctly disposed of by the Magistrate Judge's RepoRt and Recommendation.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 71), is **CONFIRMED** and **ADOPTED** as part of this Order; and

2. The United States' Motion for Summary Judgment, (Dkt. 31), is **GRANTED**, and Defendant's Motion for Summary Judgment, (Dkt. 30), is **DENIED**.

3. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of the United States. After entry of final judgment, the Clerk shall terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of September, 2019.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person